IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL A. COOPER, #285 832, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-726-MHT |
| ) | [WO] |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| Defendant. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Easterling Correctional Facility in Clio, Alabama, brings this 42 U.S.C. § 1983 against the Alabama Department of Corrections ("ADOC").[1] Plaintiff challenges the existence of a disciplinary report in his inmate file claiming the hearing officer entered a not-guilty finding on the disciplinary report because of a procedural violation. The presence of the report in his inmate file, Plaintiff complains, has caused his custody level to change. Claiming there is no legitimate reason for the disciplinary report to remain in his inmate file, Plaintiff seeks its removal. Upon review, the court concludes that dismissal of Plaintiff's complaint is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

---

[1] Although Plaintiff designated the captioned action as a "Motion to Dismiss," the court finds it is properly considered a complaint filed pursuant to the provisions of 42 U.S.C. § 1983.

[2] A prisoner who is allowed to proceed *in forma pauperis* in this court will have her complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A.     ADOC*

Plaintiff names the Alabama Department of Corrections as the sole defendant to this action.  The ADOC is not subject to suit or liability under § 1983.  The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought. *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984). Because Plaintiff's complaint against the ADOC is "based on an indisputably meritless legal theory," this defendant is subject to dismissal as any claims against it are frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*B.     The Custody Classification Claim*

Even had Plaintiff named a proper defendant to the complaint, his claim challenging a change in his custody classification level due to the existence in his inmate file of a disciplinary report on which he was found not guilty fails to allege a deprivation of any constitutional right to which he is entitled.  Initially, to the extent Plaintiff challenges the mere presence of a copy of the May 8, 2015, disciplinary report in his inmate file as violative of his constitutional rights, such claim, without more, asserts no federal constitutional deprivation. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (holding that an essential element of a complaint filed under § 1983 is that the conduct complained of deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States).  Second, regarding the challenge to a change in his security status, the exhibit filed to support Plaintiff's complaint reflects that on May 8, 2015, he received a disciplinary infraction for violating Rule 906—assault on an inmate. Doc. 1, Attachment 1 at 1.  On June 3, 2015, Plaintiff received notice that the disciplinary report was overturned for a technical error regarding service of notice of a postponement of the disciplinary

hearing. *Id.* at 2.  Based on this procedural violation, the hearing officer entered a not-guilty finding on the disciplinary report, which the Warden approved. *Id.*  Plaintiff was not subject to any sanctions as a result. *Id.*  In accordance with instructions on the disciplinary notice, copies of the disciplinary report are distributed to, among others, the Central Records Division and an inmate's institutional file. *Id*. at 3.  On June 9, 2015, Plaintiff received notice of a pending reclassification from "Medium, SL IV" custody" to "Close, SL V" custody based on his "negative behavior on 5/8/2015." *Id.*  at 4.

Prison officials' decision to reclassify Plaintiff properly included a review of the underlying facts regarding his conduct on May 8, 2015, for assaulting another inmate.  Plaintiff does not dispute that the finding of not guilty on the disciplinary report issued to him for this violation resulted from a technical error rather than a determination that he had not engaged in the conduct on which the disciplinary report was originally issued.  At any rate, the prison officials' decision to recommend Plaintiff for a custody increase based on his "negative behavior" on May 8, 2015, does not mark a "dramatic departure from the basic conditions" of his sentence. *Sandin v. Conner*, 515 U.S. 472, 485 (1995).  As an inmate confined in the Alabama prison system, Plaintiff has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484.  Because Plaintiff has no constitutionally protected interest in the level of his custody classification, correctional officials may assign him to any classification level without implicating the protections of due process. *See Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (holding that Constitution itself confers no right upon an inmate to any particular custody or security classification); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("Confinement in any of

the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."). Thus, the classification decision about which Plaintiff complains is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is further ORDERED that **on or before January 26, 2016**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE on this 12th day of January, 2016.

　　　　　　　　　　　　　　　　　　/s/ Gray M. Borden
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE